COPY

FILED

13 FEB 12 PM 3:44

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY: ___

1  STEPHEN P. ELLINGSON (SBN 136505)
   shayes@hayesscott.com
2  JAMIE A. RADACK (SBN 221000)
   jradack@hayesscott.com
3  HAYES SCOTT BONINO ELLINGSON &
   McLAY, LLP
4  203 Redwood Shores Pkwy., Ste. 480
   Redwood City, California 94065
5  Telephone: 650.637.9100
   Facsimile: 650.637.8071
6

7  Attorneys for Plaintiff
   TRAILER PARK, INC.

8

9              UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11  TRAILER PARK, INC.            CV 13-01034 JFW (JCx)
                                  CASE NO
12              Plaintiff,        COMPLAINT FOR INJUNCTIVE
                                  RELIEF
13       v.

14  GOODNESSWORKS, LLC

15              Defendant.

16

17

18       Plaintiff Trailer Park Inc. alleges as follows:

19                           I.
                          PARTIES
20

21       1.    Plaintiff Trailer Park, Inc. ("Trailer Park") is, and was at all times

22  mentioned in this complaint, a corporation with its principle place of business in Los

23  Angeles, California.  Trailer Park is authorized to transact business in the State of

24  California.  Trailer Park is one of the World's largest entertainment marketing

25  companies.

26       2.    Trailer Park owns and operates the advertising agency Goodness Mfg.

27  in Los Angeles, California.

28       3.    Trailer Park is informed and believes that defendant GoodnessWorks,

1  LLC is a Limited Liability Company organized under the laws of the State of
2  Colorado with its principle place of business located at 7600 Landmark Way, Unit
3  611, Greenwood Village, Colorado.

4      4.    Trailer Park is informed and believes that GoodnessWorks, LLC is the
5  parent corporation of, owns, operates, manages, is doing business as, or is otherwise
6  affiliated or partnered with an advertising agency "Goodness Works," located at
7  1740 Blake Street, Denver, Colorado.

8      5.    Trailer Park is informed and believes that Blake Ebel formed
9  GoodnessWorks, LLC and is the founder and Chief Executive Officer of "Goodness
10  Works."

11
## II.
## JURISDICTION AND VENUE
12

13      6.    This Court has jurisdiction over the subject matter of this action under
14  15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and 1338(b), and has supplemental
15  jurisdiction under 28 U.S.C. §1367(a) over Trailer Park's California law claims.

16      7.    This Court has personal jurisdiction over defendant because defendant
17  has purposefully directed their unlawful conduct in the state of California by
18  soliciting and conducting business with at least one California company.
19  Defendant's unlawful conduct complained of herein has thereby had, and unless
20  enjoined will continue to have, an effect in California.

21      8.    Venue in this District is proper, pursuant to 28 U.S.C. § 1391 because
22  Trailer Park, Inc. is located in and does business in the County of Los Angeles, State
23  of California.

24
## III.
## TRAILER PARK'S "GOODNESS MFG." SERVICE MARK REGISTRATION
25

26      9.    Goodness Mfg. is an advertising agency that was founded in 2007.
27  Goodness Mfg. has continuously used the service mark GOODNESS MFG. since
28  2007.

10.     Goodness Mfg. has created some of the most iconic advertising of the past five years for brands like Burger King, Miller High Life, Miller Lite, IKEA, Geek Squad, Slim Jim, El Pollo Loco, Coda, Captain D's restaurant and Truth Anti-Smoking.  Goodness Mfg.'s clients include Vail Resorts Management Company, Atkins, Google, Lucas Arts, Newegg.com, Toshiba, GT Bicycles and Bolthouse Farms, to name a few.

11.     In 2010, Trailer Park acquired Goodness Mfg. and all of its intellectual property, including the service mark GOODNESS MFG.  With the acquisition by Trailer Park, Goodness Mfg. gained access to over 400 employees and 85,000 square feet of production space in Hollywood, California to use to their clients' advantage.

12.     On September 8, 2011, Trailer Park filed a trademark application seeking registration of the GOODNESS MFG. service mark with the United States Patent and Trademark Office ("USPTO") under International Class 035 for "advertising services."

13.     On October 2, 2012, the USPTO issued service mark Registration No. 4216603 for the service mark GOODNESS MFG. under International Class 035 for "advertising services." (Exhibit 1.)

14.     The date of first use set forth in U.S. Registration No. 4216603 is February 1, 2010, which is the date on which Trailer Park acquired Goodness Mfg. and began using the mark GOODNESS MFG. to identify the advertising services offered by Trailer Park via Goodness Mfg.

15.     Trailer Park continues to be the owner of the U.S. Registration No. 4216603 for the service mark GOODNESS MFG.

16.     Trailer Park has continuously used the service mark GOODNESS MFG. since as early as February 1, 2010 to identify its advertising services offered through Goodness Mfg.

/ / /

/ / /

## IV.
## DEFENDANTS' INFRINGING ACTIVITY

17.    Trailer Park is informed and believes that Blake Ebel formed GoodnessWorks, LLC in April 2012, and started doing business as "Goodness Works" in or about June 2012.

18.    Trailer Park is informed and believes that defendant Goodness Works launched a website on or about July 20, 2012, using the domain name: www.thegoodnessworks.com.

19.    Defendant's service mark "Goodness Works" is substantially identical with, or at a minimum confusingly similar to, Trailer Park's federally registered service mark GOODNESS MFG. such that defendant's unauthorized use of "Goodness Works" is likely to cause confusion and mistake in the minds of potential clients, and tends to and does falsely create the impression that defendant and/or defendant's services originate from or are authorized, sponsored, or otherwise affiliated with Trailer Park, when in fact they are not.

20.    Trailer Park is informed and believes that defendant has continuously used the name "Goodness Works" as a service mark to identify the source of their advertising agency services, which are substantially similar, if not identical, to those offered by Trailer Park under the GOODNESS MFG. service mark.

21.    Trailer Park has informally requested defendant to cease and desist using the "Goodness Works" name on the grounds that it is substantially similar to, and therefore will cause a likelihood of confusion with, Trailer Park's federally registered mark, GOODNESS MFG.

22.    Defendant has refused to cease and desist from using the name "Goodness Works," and as of the filing of this Complaint, they continue to infringe Trailer Park's registered service mark, GOODNESS MFG.

23.    Defendant has never provided services for or on behalf of Trailer Park, Goodness Mfg. or any of its other subsidiaries, affiliates or authorized agents.

**COMPLAINT FOR INJUNCTIVE RELIEF**

## V.
## FIRST CAUSE OF ACTION
## FEDERAL TRADEMARK INFRINGEMENT
## (Lanham Act § 32, 15 U.S.C. § 1114(1))

24.     Trailer Park hereby incorporates paragraphs 1 through 23 as though they were fully set forth herein.

25.     Trailer Park is the owner of all rights, title and interests in the GOODNESS MFG. service mark and has standing to maintain an action for trademark infringement under 15 U.S.C. § 1114.

26.     Defendant has used, and is continuing to use, the confusingly similar mark "Goodness Works" in the United States to identify services identical to, or substantially similar to, the services for which Trailer Park uses the service mark GOODNESS MFG.

27.      Defendant's use of the "Goodness Works" mark to identify their advertising services is likely to cause confusion, deception, and mistake among consumers.  Potential clients and clients will see the mark "Goodness Works" and think they are receiving services from Trailer Park, or services that are licensed or approved by Trailer Park.  This includes initial interest confusion, confusion at the time of sale, and post-sale confusion.  In fact, Trailer Park does not approve defendant's use of the "Goodness Works" mark to identify its services.

28.     Defendant's continued unauthorized use of Trailer Park's service mark constitutes infringement of Trailer Park's service mark and entitles Trailer Park to injunctive relief.

## VI.
## SECOND CAUSE OF ACTION
## FEDERAL UNFAIR COMPETITION
## (Lanham Act § 43, 15 U.S.C. § 1125(a))

29.     Trailer Park hereby incorporates paragraphs 1 through 28 as though they were fully set forth herein.

**COMPLAINT FOR INJUNCTIVE RELIEF**

30.     Trailer Park is the owner of all rights, title and interests in the GOODNESS MFG. service mark and has standing to maintain an action for trademark infringement under 15 U.S.C. § 1125.

31.     Defendant has used, and is continuing to use, the confusingly similar mark "Goodness Works" in the United States to identify services identical to, or substantially similar to, the services for which Trailer Park uses the service mark GOODNESS MFG.

32.     Defendant's use of the "Goodness Works" mark to identify the source of their advertising services is likely to cause confusion, deception, and mistake among consumers as to the source, origin or sponsorship of services.  Potential clients and clients will see the mark "Goodness Works" and think they are receiving services from Trailer Park, or services that are licensed or affiliated with Trailer Park.  This includes initial interest confusion, confusion at the time of sale, and post-sale confusion.  In fact, Trailer Park does not approve defendant's use of the "Goodness Works" mark to identify its services.

33.     Defendant's continued unauthorized use of Trailer Park's service mark to falsely identify Trailer Park as the source, origin or sponsor of its services constitutes infringement of Trailer Park's service mark by false designation of origin, and entitles Trailer Park to injunctive relief.

**VII.**
**THIRD CAUSE OF ACTION**
**UNFAIR COMPETITION**
**(Cal. Bus. & Prof. Code §17200 et seq.)**

34.     Trailer Park hereby incorporates paragraphs 1 through 33 as though they were fully set forth herein.

35.  Trailer Park is the owner of all rights, title and interests in the GOODNESS MFG. service mark as set forth in detail in the preceding paragraphs, in California and throughout the United States.

**COMPLAINT FOR INJUNCTIVE RELIEF**

36.     Defendant's unauthorized use of the "Goodness Works" service mark has impaired the value of Trailer Park's GOODNESS MFG. service mark, and has otherwise adversely affected Trailer Park's business by use of unfair business practices and false association.  This conduct constitutes unfair competition and unfair business practices under Cal. Bus. & Prof. Code § 17200 et seq.

37.     Absent injunctive relief, Trailer Park has no means by which to control defendant's deceptive and confusing use of its GOODNESS MFG. service mark. Trailer Park is therefore entitled to injunctive relief prohibiting defendant from continuing their acts of unfair competition.

## VIII.
## FOURTH CAUSE OF ACTION
## TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION
### (California Common Law)

38.     Trailer Park hereby incorporates paragraphs 1 through 42 as though they were fully set forth herein.

39.     Trailer Park is the owner of all rights, title and interests in the GOODNESS MFG. service mark as set forth in detail in the preceding paragraphs, including common law trademark rights in California and throughout the United States.

40.     Defendant has intentionally misappropriated Trailer Park's GOODNESS MFG. service mark with the intent to cause confusion, mistake, and deception as to the source of its services and with the intent to palm off its services as those of Trailer Park's.

41.     Absent injunctive relief, Trailer Park has no means by which to control defendant's deceptive and confusing use of its GOODNESS MFG. service mark. Trailer Park is therefore entitled to injunctive relief prohibiting defendant, from continuing their acts of unfair competition.

WHEREFORE, Trailer Park prays for judgment against defendant, as follows:

1.     For a permanent injunction preventing defendant, its predecessors,

**COMPLAINT FOR INJUNCTIVE RELIEF**

1  successors, assigns, affiliates, members, officers, directors, agents, independent

2  contractors, representatives, and all other persons, firms, corporations or other

3  entities who may be deemed to act or have acted, or who may be deemed to act in the

4  future, on behalf of defendant, from using the name "Goodness Works,"

5  "GoodnessWorks, LLC," or any similar name, to identify the source of their

6  advertising services in any way, including but not limited to:

7          (a)    preventing defendant from using the domain name:

8                www.thegoodnessworks.com, or any similar domain name;

9          (b)    preventing defendant from using the "Goodness Works" name on

10               the Internet to identify their services;

11         (c)    preventing defendant from using the name in printed materials to

12               identify their services; and

13         (d)    preventing defendant from using the name when referring to or

14               making reference to its services in any other manner.

15 Dated: February 12, 2013      HAYES SCOTT BONINO ELLINGSON &
                                 MCLAY, LLP

16

17                        By: _____

18                           STEPHEN P. ELLINGSON

19                           JAMIE A. RADACK
                          Attorneys for Plaintiff

20                           TRAILER PARK, INC.

21

22

23

24

25

26

27

28

**COMPLAINT FOR INJUNCTIVE RELIEF**

# EXHIBIT 1

# United States of America

## United States Patent and Trademark Office

# Goodness Mfg.

**Reg. No. 4,216,603**

**Registered Oct. 2, 2012**

**Int. Cl.: 35**

TRAILER PARK, INC. (CALIFORNIA CORPORATION)
12TH FLOOR
6922 HOLLYWOOD BLVD.
LOS ANGELES, CA 90028

FOR: ADVERTISING SERVICES, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

**SERVICE MARK**

FIRST USE 2-1-2010; IN COMMERCE 2-1-2010.

**PRINCIPAL REGISTER**

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-
TICULAR FONT, STYLE, SIZE, OR COLOR.

SER. NO. 85-418,149, FILED 9-8-2011.

NATALIE POLZER, EXAMINING ATTORNEY



*Director of the United States Patent and Trademark Office*